THE STATE EX REL. KANSAS CITY v. FRED W. COON, Judge of Circuit Court of Jackson County.—297 S. W. 33.

Court en Banc, June 27, 1927.

**PROHIBITION: To Prevent Suit: Employee in Competitive Class: Discharge: Restoration and Salary.** A writ of prohibition brought by Kansas City as relator to prevent a circuit court of Jackson County from entertaining, hearing and deciding a mandamus suit brought, prior to the adoption of the Charter of 1925, by a discharged employee in the competitive class of the city; to compel a restoration to his position and to recover the salary pertaining to the position during the time he was excluded therefrom, will be discharged and the proceeding dismissed, where a trial and determination of the mandamus suit will probably call for a construction of provisions of the Charter of 1908, the construction and constitutionality

of Section 125 of the Charter of 1925, the effect of the adoption of the Charter of 1925 upon pending suits, and the constitutional question raised by the city with respect to its being required to pay a second time the salary incident to the position, and where also a trial of the case will necessarily call for a judicial determination of the truth of the allegations contained in the petition, and the sufficiency of the defenses interposed, such as acquiescences, estoppel and abandonment, and where an adequate remedy will be available to relator by appeal or writ of error. Where so many undetermined issues remain to be adjudicated, prohibition cannot be maintained on the theory that the circuit court is exceeding its jurisdiction and is usurping authority, although numerous other cases involving the same questions are pending. [Following State ex rel. Kansas City v. Coon, 316 Mo. 524.]

Corpus Juris-Cyc. References: **Prohibition**, 32 Cyc., p. 605, n. 34.

## Prohibition.

PROVISIONAL RULE DISCHARGED.

*John T. Barker, E. F. Halstead, Marcy K. Brown, Jr.,* and *Wm. H. Allen* for relator.

(1) Section 125 of the new charter was held valid and constitutional in State ex rel. Otto v. Kansas City, 276 S. W. 389; it therefore follows that there can be no recovery of salary or restoration to office after February 24, 1925. (2) Section 125 of the new charter is not in conflict with Sections 7061, 7063 and 8861, Revised Statutes 1919, because no one has a vested right to an office and such sections do not attempt to perpetuate one in office. Gregory v. Kansas City, 244 Mo. 548; Sanders v. Kansas City, 175 Mo. App. 371; State ex rel. Tolerton v. Gordon, 236 Mo. 161; Taylor v. Beckham, 178 U. S. 577. (3) Even if it be held that Section 125 of the new charter is in conflict with Section 8861, Revised Statutes 1919, still the charter provisions will control, because Kansas City has the right to pass laws on purely local matters. State ex rel. Kansas City v. Field, 99 Mo. 352; Kansas City v. Scarritt, 127 Mo. 642; Kansas City v. Field, 194 S. W. 42; State ex rel. v. Jost, 205 Mo. 76; Stanton v. Thompson, 234 Mo. 11; Kansas City v. Field, 270 Mo. 513; State ex rel. v. Seehorn, 246 Mo. 557; St. Louis v. De Lassus, 205 Mo. 584; Ex parte Smith, 231 Mo. 122; State ex rel. v. Telephone Co., 189 Mo. 99. (4) About three hundred civil service cases are pending against Kansas City. Additional suits will probably be brought. The amount involved is in excess of two million dollars. The accrual of salary, if there be accrual, amounts to about two thousand dollars per day. An attempt by appeal to test Section 125 of the new charter is im-

practicable on account of such excessive penalties, and prohibition is the proper remedy.  Stafford v. Wallace, 258 U. S. 495; State ex rel. v. Eby, 170 Mo. 526; Ex parte Young, 209 U. S. 123; Railroad v. Tucker, 230 U. S. 340; State ex rel. v. Latshaw, 291 Mo. 1. c. 598.

*John I. Williamson, Darius A. Brown* and *John G. Park* for respondent.

(1)  The applicability of Section 125 to affect the rights of Barnaby, whose suit was pending at the time of the adoption of the charter was not and could not have been raised or decided in the Otto and Stomp cases.  State ex rel. Otto v. Kansas City, 276 S. W. 400; State ex rel. Stomp v. Kansas City, 281 S. W. 426.  (2)  While it is true there is in a sense no vested right in an office, yet there is a right to the office which can only be terminated by death, resignation, expiration of term, abolishing of office, or removal by due process of law.  Secs. 7063, 7065, 8861, R. S. 1919; Secs. 126, 486, New Charter; 22 R. C. L. 581, sec. 296; Stohr v. San Francisco Musical Fund, 82 Cal. 557; State ex rel. v. Moorehead, 226 Mo. 688; Frankfort v. Mason & Foard Co., 100 Ky. 48; Sec. 461, New Charter; 19 R. C. L. 705; 1 Dillon on Mun. Corp. (1 Ed.) sec. 338; Vilas v. Manila, 220 U. S. 345; 36 C. J. 1050; Broughton v. Pensacola, 93 U. S. 266; Port of Mobile v. Watson, 116 U. S. 289; Mt. Pleasant v. Beckwith, 100 U. S. 520; State ex rel. Denison v. St. Louis, 90 Mo. 24; State ex rel. Reid v. Walbridge, 119 Mo. 396; State ex rel. Chapman v. Walbridge, 153 Mo. 194, 204; State ex rel. Mosconia v. Maroney, 191 Mo. 531; Gracey v. St. Louis, 213 Mo. 396; Gregory v. Kansas City, 244 Mo. 523, 546; State ex rel. Rundberg v. Kansas City, 226 S. W. 986; State ex rel. Rawlings v. Kansas City, 250 S. W. 927; State ex rel. Eckles v. Kansas City, 257 S. W. 197; State ex rel. Leader v. Kansas City, 258 S. W. 762; State ex rel. Hamilton v. Kansas City, 259 S. W. 1045; State ex rel. Prior v. Kansas City, 261 S. W. 112; State ex rel. Langford v. Kansas City, 261 S. W. 115; State ex rel. Wingfield v. Kansas City, 263 S. W. 516; State ex rel. Zaner v. Kansas City, 263 S. W. 521.  (3)  Pending actions are not affected by the repeal of the law under which such actions were brought, and hence the repeal of the old charter did not affect any pending suit based upon that charter.  Sec. 8855, R. S. 1919; Kansas City v. March Oil Co., 140 Mo. 458; Kansas City v. Field, 270 Mo. 500; East Bottoms L. & D. Dist., 259 S. W. 92; Secs. 7063, 7065, 8861, R. S. 1919; State v. Kinsey, 282 S. W. 439; State ex rel. v. Jost, 265 Mo. 51, 76; State ex rel. v. Telephone Co., 189 Mo. 83, 100; 28 Cyc. 282; State v. Butler, 178 Mo. 272, 313.  (4)  The number of civil service cases now pending is immaterial, except in so far as it may be thought to affect relator's right to sue in prohibition.  Speculation as to amounts involved or future suits is impertinent.  (5)  Section 125 is in violation of Section I

of the 14th Amendment of the Constitution of the United States and therefore void. Caldwell v. Texas, 137 U. S. 691; Bank of Columbia v. Okely, 4 Wheat. 235; Hurtado v. California, 110 U. S. 516; Leeper v. Texas, 139 U. S. 462; Ettor v. Tacoma, 228 U. S. 148; Pacific Mail S. S. Co. v. Joliffe, 2 Wall. 450.

RAGLAND, J.—Prohibition. One James C. Barnaby held a position in the "competitive class" of the civil service of Kansas City. Thereafter, on or about January 31, 1921, he was "removed" from the position by the head of the department in which he served, in violation, he alleged, of Section 10, Article 15, of the Charter of Kansas City of 1908, then in force. On the 14th day of August, 1923, he brought a suit in mandamus in the Circuit Court of Jackson County, whereby he sought restoration to the position from which he had been excluded and recovery of the salary of which he had been deprived. While the suit was pending and undisposed of, Kansas City adopted a new charter, Section 125 of which became effective February 24, 1925. That section provided that no person claiming to have been unlawfully removed from any office or position in the competitive class of the civil service prior to the first day of January, 1925, should in any event be entitled to restoration to such office or position after February 24, 1925, nor to the salary incident thereto after that date. Following the adoption of the section just referred to, on March 8, 1926, Kansas City, one of the defendants in the mandamus proceeding, filed in that cause in the circuit court a motion to quash the alternative writ theretofore issued therein, on the ground, among other things, that upon the adoption of said Section 125 of the new charter the suit abated. This motion was overruled. Thereupon Kansas City applied to this court for a writ of prohibition to prevent the circuit court from proceeding further in the cause, and our preliminary rule issued.

The grounds for the relief sought herein are summarized by the relator in the last paragraph of its reply to respondent's return, as follows:

"For further reply relator alleges that the sole and only question raised in this prohibition suit is as to the accrual of salary to civil service employees claiming to have been wrongfully discharged under the provisions of the old charter of 1908; that upon the adoption of the new charter as aforesaid such salary ceased to accrue and the right of restoration to office was destroyed, and that such mandamus suits must abate, and that any action taken by respondent looking toward the restoration or payment of salary to the said James C. Barnaby, or other civil service employees, is beyond the jurisdiction of the respondent and constitutes a usurpation of power."

The foregoing is an outline of the case presented here. We do not deem it necessary to state the facts more fully, because, in their

legal aspects, they are identical with those set forth at length in the recent case of State ex rel. Kansas City v. Coon, 316 Mo. 524. In that case after considering every contention made by counsel in this, and others as well, the majority of the court reached the conclusion that prohibition did not lie. In voicing that conclusion we said:

"We have gone fully into the merits of the contentions of both parties . . . to see, if perchance, any matter is involved . . . which lies beyond the jurisdiction of the circuit court. We have found that the trial and determination of the cases will probably call for the construction of certain provisions of the Charter of 1908; the construction and constitutionality of Section 125 of the Charter of 1925; the effect of the adoption of the latter upon pending suits; and the constitutional questions raised by Kansas City with respect to its being required to pay a second time the salaries incident to the offices involved. The trial of the cases will also necessarily call for a judicial determination of the truth of the allegations contained in the petition in each case, and also the sufficiency of the defense, if any, which may be interposed, such as acquiescence, estoppel or abandonment. Now it is clear that all of these matters fall within the competence of a court of general jurisdiction; as to mere mode of procedure, it is not suggested, nor does it appear, that the circuit court has in any respect departed from long established paths. If therefore, it does all that relator says it has threatened to do, it will not have exceeded its lawful jurisdiction in any particular. If it commits error, an adequate remedy through appeal or writ of error will be available to relator.

"And of course the circuit court will not exhaust its jurisdiction in the trial and determination of one case. Neither the number of cases pending nor the aggregate amount involved operates to limit its power."

We still adhere to the views then expressed. It follows that our provisional rule herein should be discharged and the proceeding dismissed. It is so ordered.

*Blair, Gantt, Atwood,* and *White, JJ.,* concur; *Graves, J.,* dissents for the reasons set forth in his dissenting opinion in State ex rel. Pickett v. Coon, 316 Mo. 524; *Walker, C. J.,* dissents for reasons set forth in his dissenting opinion filed in State ex rel. Pickett v. Coon.